IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOSE FERNANDEZ § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CAUSE NO: 3:20-CV-290 |
| § | |
| SIERRA PLASTICS, INC., REGENCY § | |
| PLASTICS-UBLY, INC., AND § | |
| GEMINI GROUP SERVICE, INC. § | |
| § | |
| Defendants. § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Sierra Plastics, Inc. (Sierra), Regency Plastics-UBLY, Inc. (Regency) Gemini Group Service, Inc. (Gemini) (altogether Defendants) hereby file this their Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, and as grounds for removal respectfully state the following:

### I.   INTRODUCTION

On October 14, 2020, Plaintiff Jose Fernandez (Fernandez) commenced a civil action in the 171st District Court in El Paso County, Texas, styled *Jose Fernandez, Plaintiff, v. Sierra Plastics, Inc., Regency Plastics-Ubly, Inc., and Gemini Group Service, Inc*; Case No. 2020-DCV-3332 ("State Court Lawsuit"). *See* Exh. A, Pl.'s Org. Pet.

Plaintiff's Original Petition asserts claims for: (1) Negligence and (2) Negligent Hiring, Supervision, Training and Retention. *See* Exh. A ¶¶ V-VI.

1

Defendants were served with this lawsuit on October 27, 2020. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C.§ 1446(b)(1). *Bass Mktg. Consultants, Inc. v. Charles Conkle Motor Co., Inc.,* W-07-CA-198, 2007 WL 9710894, at *1 (W.D. Tex. Aug. 17, 2007) (holding that a notice of removal must be filed within 30 days of service along with a short and plain statement of the grounds for removal).

Additionally, this Notice is filed in advance of trial and within one year of commencement of the State Court Lawsuit. Consequently, removal will not result in prejudice to Plaintiff, as this matter is in the initial pleading stage and no discovery has occurred.

## II.     VENUE

Under 28 U.S.C. § 1441(a), removal of the State Court Lawsuit to this Court is proper, as the Western District of Texas, El Paso Division, embraces El Paso County, Texas, where this action is currently pending.

## III.     COMPLIANCE WITH 28 U.S.C. 1446(d)

Written notice of this Notice of Removal and a copy hereof have and/or will be promptly sent to the 171st District Court in El Paso County, Texas, as required by 28 U.S.C. § 1446(d), and copies of the same will be served upon Plaintiff.

Plaintiff's Original Petition demands a jury in the State Court Lawsuit. *See* Exh. A ¶ X.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders received by Defendants in the State Court Lawsuit, along with a copy of the state court docket sheet, are attached hereto as Exhibit A.

## IV.     BASIS FOR REMOVAL

Removal is proper because this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). First, as discussed more fully below, this action is between citizens of different States.

Second, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees. *See* Exh. A-11, Pl.'s Second Am. Org. Pet. at *1.

**A.      Complete Diversity Exists Between the Parties.**

For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Plaintiff resides in El Paso County, Texas. *See* Exh. A, Pl.'s. Org. Pet. ¶ II. Thus, for purposes of determining diversity jurisdiction, Plaintiff is a citizen of the State of Texas.

As noted by Plaintiff's live pleading, Defendants are foreign corporations. *See* Exh. A, Pl.'s Org. Pet. ¶ II. Specifically all Defendants are residents of the State of Michigan. *See Exh. B*, Defs.' Mich. LARA Filings. All Defendants were incorporated in the State of Michigan and have their principal place of business in Michigan. *Id.* Accordingly, for purposes of diversity jurisdiction, Defendants are citizens of Michigan. Thus, Defendants are not citizens of the State of Texas, within the meaning of 28 U.S.C. § 1332(c).

Complete diversity therefore exists between the Parties because Plaintiff is a citizen of the State of Texas, and Defendants are citizens of the State of Michigan.

**B.      The Amount in Controversy Exceeds the Statutory Minimum of $75,000.00.**

Plaintiff specifies the amount of damages he seeks in his Original Petition. *See* Exh. A, Pl.'s Org. Pet. ¶ VIII. Specifically, Plaintiff seeks "over $200,000,00 but no more than $1,000,000.00." *Id.* Accordingly, the amount in controversy exceeds the federal statutory minimum, and this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 and removal is appropriate under 28 U.S.C. § 1441, *et seq.*.

4851-6515-7585 v1 [75839-10]

**WHEREFORE**, **PREMISES CONSIDERED,** Defendants serve Notice that this action has been removed to the United States District Court for the Western District of Texas, El Paso Division.

> Dickinson Wright PLLC
>
> 221 North Kansas Street, Suite 2000
> El Paso, Texas 79901
> Tel: (915) 541-9322
> Fax: (844) 670-6009
>
> By: */s/ Mark C. Walker*
> Mark C. Walker
> Texas State Bar No. 20717320
> Email: mwalker@dickinsonwright.com
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon all parties by the court's electronic filing system, on November 20, 2020 to all counsel of record as shown below:

Ms. Daisy Chaparro
Flores, Tawney, Acosta P.C.
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
(915) 308-1000
(915) 308-0283
dchaparro@ftalawfirm.com
**ATTORNEY FOR PLAINTIFF**

> *Mark C. Walker*
> Mark C. Walker